# LUNT'S *case.*

The legislature has a right to impose reasonable limitations and duties upon the sale of spirituous liquors, and the exercise of certain trades, and public offices, as sheriff, coroner, and the like. And therefore the *Stat.* 1821, *ch.* 133, prohibiting the sale of certain liquors, except in certain modes, and upon license first obtained and duties paid, is not repugnant to the general rights and liberties of the citizen, secured by the constitution.

All acts of the legislature are presumed to be constitutional; and will not be pronounced otherwise, except where their unconstitutionality is free from just doubt.

THE defendant was indicted for undertaking and presuming to be a common seller of strong liquors by retail, without license or allowance therefor ; contrary to *Stat.* 1821, *ch.* 133 ; and being convicted, he moved in arrest of judgment, on the ground that the statute itself was unconstitutional.

*Fessenden* and *Deblois,* in support of the motion, argued that the statute infringed the constitutional right of " acquiring, possessing and

protecting property." *Art.* 1, *sec.* 1. It operated unequally upon the citizens of the State, by subjecting them to double taxation; once for their stock in trade, under the general tax-act; and again for the liberty of selling it, under the statute in question. In the case of the *Portland Bank v. Apthorp*, 12 *Mass.* 252, the bank tax was sustained on the ground of a provision in the constitution of Massachusetts, without invoking the aid of which, it was admitted that the constitutionality of the tax could not be supported. Yet that provision has been carefully excluded from the constitution of Maine; and this exclusion, subsequent to that decision, is strong proof that such power was not intended to be given. The statute, moreover, is repugnant to *art.* 9, *sec.* 7, of the constitution, which secures equality in the public pecuniary burdens. And it is against the constitution of the United States, *art.* 1, *sec.* 10, prohibiting any State from laying duties on merchandize.

*Adams,* for the State, cited *The Federalist, No.* 33; and *Brown v. Maryland,* 12 *Wheat.* 419.

MELLEN C. J. delivered the opinion of the Court at the adjournment in *August* following.

The object of the defendant, in submitting the motion in arrest of judgment in this case, is to obtain the opinion of the court on the question, whether the section of the revised statute, *ch.* 133, for the violation of which he has been convicted, is a constitutional one, or a violation of the constitution. All acts of the legislature are presumed to be constitutional; and the court will never pronounce a statute to be otherwise, unless in a case where the point is free from all doubt. So far as long continued practice of successive legislatures in Massachusetts, pursued also in this State, has a tendency to sanction the act in question, and others similar in principle, such practice is unquestionably in favor of their constitutionality. We have never before heard the question agitated, or a doubt expressed, in a court of law, concerning the subject. In the constitution of Massachusetts, at least as originally formed, there was, and we presume there is now, an enumeration of specific powers granted to the legislature, and among them is the power of laying duties and excises, which were

the subjects of particular examination in the case of *Portland Bank v. Apthorp*, cited in the argument. It does not appear to the court that the decision of that cause has any direct bearing upon the case at bar ; because, in the constitution of this State, *art.* 4, *part* 3, *sec.* 1, the power given to the legislature is general, " to make all reasonable laws and regulations for the defence and benefit of this State, not repugnant to this constitution, nor to that of the United States." In all cases where the legislature have a constitutional authority to pass a law, the reasonableness of it seems to be a subject for their decision. We do not say that there may not possibly be exceptions to the generality of the above proposition ; but we are not disposed to consider them as among the probabilities of legislation. In the case before us, the legislature, in the exercise of their constitutional power, have judged it reasonable and proper to impose duties on certain classes of persons in the community, such as justices of the peace, sheriffs, coroners, clerks, attornies, innholders, retailers, &c. On payment of these duties, they may exercise certain powers. No doubt, such a law must be general in its operation ; including all persons of the classes specified. Of this character is the statute on which the conviction of the defendant is founded. The legislature have deemed it reasonable and proper, in most of the modes abovementioned, to add to the revenues of the State. It would appear strange that a law should be deemed unreasonable, because it prohibits the retailing of ardent spirits, without special license ; that it should be an unreasonable restraint upon the liberty of the citizens, to check those measures which are known to have a direct tendency to promote intemperance, and multiply evils and crimes in society. The idea is not admissible for a moment. But though this law imposes the duty, it provides no mode by which the collection of it can be enforced, in any case, without the consent of the person on whom it is imposed ; for no person, appointed to any of the before mentioned offices, or licensed for either of the purposes before mentioned, can be compelled to accept the appointment, or the license ; and till such acceptance, the duty does not become payable. So that in all these cases, the person appointed or licensed, does, in effect, tax himself with the duty, and voluntarily pay it. In such cases, a man

surely has no reason to complain of the law ; it only authorises him, on payment of a certain sum, to enjoy what he deems a privilege, and a source of profit ; and prohibits the exercise of such privilege, for public reasons, unless such payment be previously made. We are all of opinion that there is no legal ground that can sustain the motion. The proper legal sentence must be awarded against the defendant.